SUTTON, J.,
concurring.
I join Judge Martin’s opinion in full because, as he correctly observes, the remaining references to Ward’s expunged convictions have not harmed his appeals to the parole board. I write separately merely to note that the Michigan Department of Corrections could have saved itself a lot of trouble by eliminating those references in the first place or perhaps by developing a better procedure for ensuring such references are removed. I understand that the Department operates on a tight budget, and I am “not insensitive to the challenges faced” by the Department in “attempting to separate, when it comes to prisoner suits, not so much wheat from chaff as needles from haystacks.” Jones v. Bock, 549 U.S. 199, 224, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). But Ward’s suit is not frivolous. He lost on the merits not because he and his attorneys failed to show problems with the Department’s expungement of his conviction but because he has not shown that its mistakes harmed his case before the parole board. With a different prisoner and a different fact pattern, stray references to an expunged conviction might well affect a parole case in a cognizable way.